UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMES MICHAEL KAPETANIOS, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:21-cv-02843-SEB-TAB |
| | ) |
| JACKSON SHEPHERD, | ) |
| ANDREW PLANK, | ) |
| CODY WOOTEN, | ) |
| DRAKE MADDIX, | ) |
| ZACHERY ROMERO, | ) |
| | ) |
| Defendants. | ) |

**ORDER ON PENDING MOTIONS**

This entry addresses several pending motions filed by Plaintiff James Kapetanios, Sr. First, Plaintiff filed a motion entitled, "Reconsideration For Motion For Appointment Of Counsel And Request For Default Judgment." [Filing No. 34.] Although the motion references the April 4, 2022, initial pretrial conference held in this case, the Court made no ruling at that conference regarding entering a default judgment. [Filing No. 32.] To the extent Plaintiff is asking the Court to reconsider any prior orders denying counsel,[1] Plaintiff's motion is denied. As set forth in the Court's December 2, 2021, order, this case appears to be relatively straightforward. Moreover, Plaintiff has a GED and has no mental or physical limitations, has not demonstrated that he cannot litigate this case, and has not shown that he has fully exhausted efforts to secure

---

[1] On December 2, 2021, the Court denied Plaintiff's motion for assistance with recruited counsel. [Filing No. 6.] In addition, on April 7, 2022, the Court denied as moot Plaintiff's motion for assistance in preparing a Case Management Plan and approved that CMP. [Filing No. 30.]

counsel on his own. [Filing No. 6.] Plaintiff's motion for reconsideration fails to address these shortcomings.

Plaintiff subsequently filed a motion for assistance with recruiting counsel [Filing No. 43], which adds some additional details. However, that motion states that Plaintiff has contacted only three attorneys about representing him in this case. Two declined; one had not gotten back with him after a couple weeks. Plaintiff must take additional attempts to retain counsel before the Court will consider utilizing one of the limited number of attorneys available to handle this case. Plaintiff's motion also states that he does not have access to a computer, does not have a printer, and has limited access to a telephone. Despite these limitations, Plaintiff has filed more than a dozen hand-written pleadings, motions, and notices in this case. Accordingly, Plaintiff's motion for assistance of counsel [Filing No. 43] is denied, and Plaintiff's motion for reconsideration [Filing No. 34] is denied to the extent it seeks reconsideration of the Court's prior order denying Plaintiff Court-appointed counsel.

Plaintiff's motion for reconsideration is likewise denied regarding his request for a default judgment. In this regard, the motion is primarily premised on Defendants' apparent failure to produce body camera footage and photographs of the incident in question and Plaintiff's injuries, which Defendants agreed to produce as part of their initial disclosures. [Filing No. 30.]. As set forth in Defendants' response to Plaintiff's motion, Defendants' failure to timely produce the photographs in question was due to an "unintentional clerical mistake." [Filing No. 48, at ECF p. 1.] Defendants represent in their response that they will produce these photographs "if they are in Defendants' possession." Defendant shall, within 14 days, either produce the photographs to Plaintiff or file a notice with the Court describing the steps taken to locate the photographs and the reasons why any such photographs have not been produced to Plaintiff.

2

The Court next turns to Plaintiff's motion to compel discovery [Filing No. 35], which seeks to compel Defendants to produce medical records and other documents described in that motion. In response, Defendants represent to the Court that Plaintiff has not served any discovery requests in this case. [Filing No. 46.] As a result, as Defendants correctly argue, Plaintiff's motion to compel is premature, and therefore it is denied. Plaintiff may serve on Defendants (not file with the Court) interrogatories seeking sworn responses, requests for production seeking documents, and requests for admission seeking to have Defendants admit (or deny) facts relevant to the claims and defenses raised in this case. If Defendants fail to properly respond to these requests, and the parties cannot in good faith resolve any remaining discovery dispute, Plaintiff may then file a motion to compel.

Finally, the Court addresses Plaintiff's two remaining motions, both docketed as motions for court order [Filing Nos. 44, 50.] These motions ask the Court to issue an order to Bartholomew County Jail officials and the Bartholomew County Sheriff to assist Plaintiff in reviewing discovery responses Defendants provided in digital format. Although Plaintiff is presently incarcerated in the Bartholomew County Jail, neither the Bartholomew County Sheriff nor any county jail officials are Defendants in this action. Rather, Plaintiff's claims are against Columbus Police Department officers, alleging excessive force during his arrest. Conditions of confinement at the jail are not at issue. This creates a preliminary hurdle to Plaintiff's requested relief, though not insurmountable given that jail officials are Plaintiff's custodian. Nevertheless, Plaintiff's motion suggests that jail officials are willing to provide the relief Plaintiff seeks if presented with a Court order requiring them to do so. For the reasons briefly set out above, the Court stops short at this juncture of ordering jail personnel to assist Plaintiff as he has requested. However, the Court requests by way of this order that the jail take all reasonable steps to assist

Plaintiff in reviewing the contents of the flash drive referenced in his motion, or any other digital depictions that contain discovery responses Defendants provided. If Plaintiff is not provided assistance to review these materials within 30 days as the Court has requested, Plaintiff may renew his motion. For these reasons, the following pending motions are denied: Filing Nos. 34, 35, 43, 44, and 50.

Date: 5/26/2022

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

JAMES MICHAEL KAPETANIOS, SR.
BATHOLMEW COUNTY JAIL
543 2nd Street
Columbus, IN 47201

DRAKE MADDIX

ZACHERY ROMERO

James Alex Emerson
COOTS HENKE & WHEELER, P.C.
aemerson@chwlaw.com

Matthew L. Hinkle
COOTS HENKE & WHEELER
mhinkle@chwlaw.com