UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMES MICHAEL KAPETANIOS, SR., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JACKSON SHEPHERD, ) <br> ANDREW PLANK, ) <br> ZACHARY M. ROMERO, ) <br> CODY WOOTEN, ) <br> DRAKE MADDIX, ) <br> ) <br> Defendants. ) | No. 1:21-cv-02843-SEB-TAB |

**ORDER ON PLAINTIFF'S MOTION FOR AUDIO RECORDING**

This cause is before the Court on Plaintiff's notice [Filing No. 90], which is in actuality a motion asking Defendants to produce the audio recording of Plaintiff's deposition. In this motion, Plaintiff states that he has reviewed his deposition transcript and believes there are "[i]naccuracies between the audio recording of the deposition and the transcript I've been provided to review to ensure accuracy. I demand to be provided by the defendants [sic] attorney with a full audio copy for comparison review of the audio recording to the transcript prior to signing and returning the discovery material." [Filing No. 90, at ECF p. 1.] Plaintiff filed a memorandum in support of his motion, but the memo fails to explain any basis for why Plaintiff believes the transcript is inaccurate. [Filing No. 91.]

As set forth in Defendants' response, on October 11, 2022, Defendants' counsel took Plaintiff's deposition using remote technology. The officer that took the deposition, Andrew Pronschinske, certified that Plaintiff was duly sworn, that the proceedings were recorded by Pronschinske and reduced to typewriting by a qualified transcriptionist, and that the digital audio

recording is a true and accurate record. The transcriber, Allison Manley, also certified that the transcript is a true and accurate transcript of the proceedings. [Filing No. 92, at ECF p. 1-2.]

In this motion, Plaintiff demands that Defendants' counsel provide him with a copy of the audio recording of Plaintiff's deposition. However, as Defendants point out in their opposition to Plaintiff's motion, Defendants' counsel does not have a copy of the audio recording and has never had a copy of the recording. [Filing No. 92, at ECF p. 2.] Moreover, Plaintiff is not entitled to it. Rule 30(e)(1) gives a deponent 30 days after being notified by the officer that the transcript or recording is available in which to review the transcript *or* recording, and if there are changes in form, to sign a statement listing the changes and the reasons for making them.

As explained in Defendants' response [Filing No. 92, at ECF p. 2-3] it appears Plaintiff was provided a transcript of his deposition by mail on or about October 25, 2022. Therefore, Plaintiff had 30 days thereafter to identify any alleged inaccuracies in the transcript, make changes, and provide reasons for the changes within 30 days. Plaintiff has not done so.[1] In fact, as noted above, Plaintiff's brief and supporting memo provide no explanation whatsoever as to why Plaintiff believes the transcript is inaccurate.

For these reasons, Plaintiff has not demonstrated that he is entitled to an audio recording. Thus, Plaintiff's motion [Filing No. 90] is denied. However, the Court extends Plaintiff's deadline to return the errata sheet until January 6, 2023.

Date: 12/15/2022

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

---

[1] Plaintiff argues he was not informed of a "30-day" period to sign the errata sheet. However, this time period is set forth in Fed. R. Civ. P. 30.

Distribution:

All ECF-registered counsel of record via email

JAMES MICHAEL KAPETANIOS, SR.
BATHOLMEW COUNTY JAIL
543 2nd Street
Columbus, IN 47201

Alex Emerson
COOTS, HENKE & WHEELER, P.C.
255 E Carmel Drive
Carmel, IN 46032

MATTHEW L. HINKLE
COOTS, HENKE & WHEELER, P.C.
255 East Carmel Drive
Carmel, IN 46032